ROBERT E. LYNCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lynch v. Commissioner
Docket No. 12800-78
United States Tax Court
T.C. Memo 1980-464; 1980 Tax Ct. Memo LEXIS 121; 41 T.C.M. (CCH) 204; T.C.M. (RIA) 80464; October 20, 1980, Filed Robert E. Lynch, Pro se. Charles W. Maurer, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1976 in the amount of $7,070.02. The issue for decision is whether compensation petitioner received from the Polaroid Corporation for services rendered is includable in his gross income. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and the attached *122 exhibits are incorporated by reference. Petitioner resided in Natick, Massachusetts, at the time the petition in this case was filed. During the year 1976, petitioner was employed by the Polaroid Corporation ("Polaroid") as a Senior Drafter. Petitioner has been employed by Polaroid for 21 years. During 1976, petitioner received wages in the amount of $28,300.04 from Polaroid. On June 7, 1976, petitioner executed the following four documents: "Articles of Organization for The Church of the Divine Rule"; "Bylaws of Church of the Divine Rule"; "Election of Successor"; and "Gift of All and Vow of Poverty". The Articles of Organization for The Church of Divine Rule ("the Church") indicate that the address of both the Church's principal office and the residence of its "Pastor/President," Robert E. Lynch, is 28 Spring Street, Natick, Massachusetts. On June 10, 1976, petitioner filed Articles of Incorporation for a corporation named "Church of The Divine Rule" with the Secretary of the Commonwealth of Massachusetts. The petitioner was the sole incorporator and was named as its president. Petitioner's Spring Street address was listed as the Church's address. In the document *123 entitled "Election of Successor," Robert E. Lynch as "Pastor of the CHURCH OF THE DIVINE RULE" nominates as his first successor Rose M. Lynch of 28 Spring Street, Natick, Massachusetts. The second and third successors are Edward B. Lynch and Edna Lynch of 99B Beaver Terrace Circle, Framingham, Massachusetts. The final successors, as "copastors," are Robert E. Lynch, Jr., Kathleen M. Lynch, Maureen A. Lynch, and Lisa M. Lynch, all of 6290 North Adderly Cay, Lantana Cascades, Lake Worth, Florida. Petitioner has no superior in the Church and is in complete charge thereof; he comprises its entire "hierarchy." The Church has no congregation or recorded members. The Church has no regular worship services and there is no church building. Petitioner has never performed any baptisms, confirmations, marriages, funerals or other sacramental religious services.Petitioner has never received a formal degree in theology.
Following the organization of the Church in June, 1976, petitioner's payroll checks from Polaroid were deposited in a checking account in the Church's name. This account is controlled by petitioner. Petitioner used funds from this account to pay for the living expenses *124 (e.g., rent, gasoline, and groceries) of himself and his mother, with whom he shared an apartment. Petitioner's position with Polaroid did not involve any religious duties. Polaroid did not negotiate with the Church for petitioner's services and is not related to the Church in any way. Petitioner performed the same services for Polaroid during the second half of 1976 as he had performed during the first half. There are no other employees of Polaroid in the same position as petitioner who are members of the Church. Petitioner is a member of the Roman Catholic Church and still attends Mass.
OPINION Gross income, under section 61, [1] is defined to include compensation for services. In an effort to remove himself from the reach of this fundamental principle of the tax law, petitioner contends that his employment with Polaroid was in the capacity of an agent of the Church, an organization he considers exempt from taxation under section 501(c)(3). In conjunction with this scheme, petitioner executed and filed various documents and allegedly undertook a vow of poverty. *125 The "church" in the instant case cannot be regarded as an entity with an existence separate from the petitioner. Cf. The Southern Church of Universal Brotherhood Assembled v. Commissioner 74 T.C.     (filed September 10, 1980) ("church" served private purposes and thus was not a section 501(c)(3) organization). It has no congregation, recorded members, building, no regular worship services and "operates" from the address where petitioner resides with his mother. Petitioner could not describe the beliefs of the Church, its creed or any of his duties as pastor. He has never performed any sacraments or other religious services. Petitioner also has complete control over this purported church and its funds; such funds were used for the personal living expenses of himself and his mother. Another factor which undercuts the viability of the Church as a separate entity is the fact that petitioner is still a member of the Roman Catholic Church. In this regard, he stated at trial: "I haven't given up any other faith." It is thus clear that the establishment of petitioner's church was merely a device to avoid his income taxes. It is also apparent that petitioner performed the *126 services for Polaroid in his individual capacity. Polaroid did not negotiate with the Church with respect to petitioner's performance of services. In such case, the compensation petitioner received is includable in his gross income. Kelley v. Commissioner, 62 T.C. 131 (1974). In short, we conclude that petitioner's alleged church is simply a transparent attempt by him to avoid the federal income tax. Accordingly, petitioner's wages from Polaroid are includable in his gross income for 1976. Decision will be entered for the respondent.
Footnotes
1. All references to Code sections are to sections of the Internal Revenue Code of 1954 in effect during the year in question, unless otherwise stated.↩